## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :
                                          :
**GUILLERMO E ACEVEDO DAVILA &**
**NORMA I FUSTER FELIX**                  :        **CASE NO.   07-07084 ESL**
                                          :        **Chapter 13**
Debtor(s)                                 :
                                          :
                                          :
                                          :

## OPINION AND ORDER

This case is before the court upon debtor's objection to the portion of the secured proof of claim filed by RG Mortgage Corp. ("RG") that seeks the allowance of $650 in legal expenses for filing a proof of claim when the debtors are current on the payments, or, in the alternative, that an itemized statement be filed to justify the claimed fees. RG filed a reply justifying the reasonableness of the fee. The court scheduled and held a pretrial conference on September 24, 2008. Counsel for RG submitted to the court an itemized statement of services rendered in the case for the amount of $1,140 (6 hrs. at an hourly rate of $190). The debtor subsequently filed a legal memorandum in support of the objection.

## BACKGROUND

The relevant facts are undisputed. Debtor filed a Chapter 13 petition on November 30, 2007. RG is a secured creditor and the debtor is current in his monthly mortgage payments. RG is an over-secured creditor and is entitled to attorneys' fees pursuant to 11 U.S.C. § 506(b) and the terms of the mortgage agreement. However, the Debtor objects to the attorney's fees claim on the grounds that the itemized statement does not justify the prepetition fees of $650.

## DISCUSSION

A secured creditor is entitled to claim reasonable attorney's fees as part of its secured claim.

- 2 -

*In re Atwood*, 293 B.R. 227, (9th Cir. B.A.P. 2003). Section 506(b) provides the statutory basis for a secured creditor to claim fees and costs. Section 506(b) provides that:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement, or State statute under which such claim arose.

11 U.S.C. § 506(b). The statute provides four requirements for the allowance of post-petition fees to a secured creditor: (1) the claim must be an allowed secured claim; (2) the creditor must be over-secured, that is, the value of the collateral must exceed the lien or security; (3) the entitlement of fees must be provided under the security agreement or state statute; and (4) the fees must be reasonable.

The first three requirements are undisputably met. The only issue is the reasonableness of the claimed fees. The reasonableness of post-petition fee claims is tested under federal law. *In re Pan American General Hospital, LLC*, 385 B.R. 855, 876 (Bkrtcy.W.D.Tex. 2008) (overruling objections to fee claim by over-secured creditor, holding that the purpose of the requirement of a detailed application is to facilitate the court's determination of reasonableness). The purpose of the section 506(b) reasonableness requirement is to prevent over-secured creditors from drawing a "blank check" to cover their own expenses incurred at the peril and expense of the estate and other creditors. *Id.* at 869.

The burden of proof to establish " the reasonableness of an oversecured creditors'claim is upon the creditor." *In re Wanacheck*, 349 B.R. 836, 843 (Bankr. E.D. Wash. 2006); *In re Atwood*, 293 B.R. 227 at 233 (9th Cir. B.A.P. 2003). Generally, filing a proof of claim and making an appearance are "simple administrative matters" that could be performed by the creditor's or the attorney's clerical staff, and are not complex or novel matters that must be handled by attorneys. *See In re Wanecheck*, 349 B.R. 836, 844-45 (Bkrtcy.E.D.Wash. 2006) (sustaining objection to fee claim

- 3 -

for lack of specificity and detail, lumping tasks into single entries, and over-staffing of matters and depicting the filing of appearances and proofs of claims as "noncompensable services" when billed by attorneys); *In re Gardenshire* 209 F.3d 1145 (9th Cir. 2000); *In re Edelman*, 237 B.R. 146, 154 fn. 8 (9th Cir. BAP 1999). The filing of a proof of claim is a critical and fundamental step for a creditor to collect on its indebtedness in a bankruptcy case. *In re Dwiggins*, 359 B.R. 717, (Bankr. W.D. Ark. 2007). There may be circumstances which make the filing of a proof of claim a complex matter, considering the interaction and formal requirements set forth in sections 501, 502, 506 and Bankruptcy Rule 3002. However, when the complexity of the claim generates and warrants legal advice and services, the fees corresponding to the same must be detailed in the proof of claim.

In this contested matter the court is confronted with a fixed-fee agreement[1]. An agreement by and between a secured creditor and an attorney to perform legal services in a bankruptcy case is not by itself determinative of the reasonableness of the fees. The fees that the court may eventually allow as reasonable does not always equate to what is actually charged. *In re Pan American General Hospital, LLC*, 385 B.R. 855 at 842. Likewise, the creditor is not entitled to compensation for every action it takes. *Id.*

Since 1988[2] this court has generally followed and applied the lodestar approach when awarding reasonable fees to professionals, *In re Fruits International, Inc.*, 87 B.R. 769 (Bankr.

---

[1] The court notes that the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act amended section 328(a), 11 U.S.C. § 328(a), to authorize the employment of a professional person on a fixed or percentage fee basis. Fixed fee agreements are allowed. However, the provisions in section 328(a) apply to trustees, creditors' committees, and debtors in possession; and must be read in conjunction with sections 327, 329, 330 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure. The interaction of theses sections and rules provide for greater scrutiny of fees. In any event, section 328(a) provides that the court may allow a compensation different from the fixed fee agreement.

[2] See *Matter of J. Gus Lallande, Inc.*, 79 B.R. 140 (D.P.R. 1987), reversing a decision of this court for reducing fees without sufficient findings to support a downward adjustment under the lodestar method.

- 4 -

D.P.R. 1988); *In re C.P. Del Caribe, Inc.*, 143 B.R. 11 (Bankr. D.P.R. 1992), following the First Circuit precedent, *Boston and Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*, 778 F.2d 890 (1st Cir. 1985); *Boston and Maine Corp. v. Moore*, 776 F.2d 2 (1st Cir. 1985); *Furtado v. Bishop*, 635 F.2d 915 (1st Cir. 1980); *In re Casco Bay Lines, Inc.*, 25 B.R. 747 (B.A.P. 1st Cir. 1982). Under the lodestar method, " the number of reasonable hours worked is multiplied by a reasonable hourly rate". 778 F. 2d at 894.

The itemized statement submitted by counsel for RG, albeit for post petition services, justifies the reasonableness of the total fees being charged in the proof of claim.

CONCLUSION

In view of the foregoing debtor's objection to the fees in the proof of claim filed by RG is hereby denied.

SO ORDERED.

San Juan, Puerto Rico, this 30th day of January 2009.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge